# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD,<br><br>    Plaintiff,<br><br>    v.<br><br>D. URIBE, *et al*.<br><br>    Defendants. | Case No. 1:17-cv-1132-EPG-PC<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY HIS APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED**<br><br>(ECF No. 2)<br><br>**THIRTY DAY DEADLINE** |

## I.     BACKGROUND

Jesse L. Youngblood ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 23, 2017, Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 2). On August 26, 2017, Plaintiff consented to magistrate judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), (ECF No. 5), and no other parties have made an appearance. Therefore, the undersigned shall conduct any and all proceedings in this action until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action… under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action

1

or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Section 1915(g) appears to preclude Plaintiff from proceeding *in forma pauperis*. Plaintiff appears to have more than three "strikes." *See, e.g.*, *Youngblood v. Clark*, No.:1:15-cv-01746 (E.D. Cal. August 15, 2017) (dismissing action for failure to state a claim); *Youngblood v. Warden*, Case No. 4:13-cv-04366 (N.D. Cal. November 12, 2013) (dismissing action for failure to state a claim); *Youngblood v. Evans*, Case No. 4:13-cv-02097 (N.D. Cal. May 14, 2013) (dismissing action as frivolous and for failure to state a claim); *Youngblood v. Warden*, Case No. 4:12-cv-04423 (N.D. Cal. February 4, 2013) (dismissing action as frivolous and for failure to state a claim).

Furthermore, based on the complaint, it does not appear that Plaintiff is in imminent danger. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 116CV01421LJOGSAPC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of harm are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat… is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Based on the facts alleged in the complaint (ECF No. 1), it does not appear that Plaintiff is in imminent danger of serious physical injury. Plaintiff alleges that on August 5, 2015, while in a dining hall facility at Corcoran State Prison, he was directed by Correctional Officer D. Uribe to sit at a dining hall table and was caused to sustain injury when the dining hall table

flipped over. His injuries required surgical treatment. After surgery, his wounds were to be cleaned and dressed daily. But, Jane Doe, an employee at Corcoran State Prison, refused to clean and dress his wounds, causing Plaintiff to contract an infection in his right thumb. His right thumb was treated with antibiotics, but he has sustained permanent loss of use of 80% of his right thumb. Plaintiff, however, does not allege or appear to be in imminent danger of serious physical injury.

Therefore, the Court will order Plaintiff to show cause why it should not deny Plaintiff's application to proceed *in forma pauperis* and require Plaintiff to pay the $400 filing fee.

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff has thirty (30) days from the date of service of this order to show cause why the Court should not deny his application to proceed *in forma pauperis* and require him to pay the $400 filing fee. Failure to respond to this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated: **October 3, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE