# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>D. URIBE, *et al*.<br><br>　　　　　Defendants. | Case No. 1:17-cv-01132-AWI-EPG<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, AND REQUIRE PAYMENT OF THE FILING FEE**<br><br>(ECF Nos. 2, 7)<br><br>**THIRTY (30) DAY DEADLINE** |

## I.　　BACKGROUND

Jesse L. Youngblood ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 23, 2017, Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 2). Because it appeared that Plaintiff had "three strikes" and was not in imminent danger of serious physical injury, the Court ordered Plaintiff to show cause why it should not deny his application to proceed *in forma pauperis* and require him to pay the $400 filing fee.[1] (ECF No. 6). Plaintiff filed a response to the order to

---

[1] The Court took judicial notice of the following United States District Court cases: *Youngblood v. Clark*, No.:1:15-cv-01746 (E. D. Cal. August 15, 2017) (dismissing action for failure to state a claim); *Youngblood v. Warden*, Case No. 4:13-cv-04366 (N. D. Cal. November 12, 2013) (dismissing action for failure to state a claim); *Youngblood v. Evans*, Case No. 4:13-cv-02097 (N. D. Cal. May 14, 2013) (dismissing action as frivolous and for failure to state a claim); *Youngblood v. Warden*, Case No. 4:12-cv-04423 (N. D. Cal. February 4, 2013) (dismissing action as frivolous and for failure to state a claim); *Youngblood v. State of California*, 2:05-cv-0727-LKK-DAD (E. D. Cal.) (dismissed for failure to state a claim on September 11, 2006); *Youngblood v. State of*

1

show cause on October 16, 2017. (ECF No. 7). Plaintiff's application to proceed *in forma pauperis* is now before the Court.

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 116CV01421LJOGSAPC, 2016 WL 5815905, at *1 (E. D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), a prisoner must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of harm are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate . . . ." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g). In deciding whether such a nexus exists, we will

---

*California*, 4:11-cv-4064-PJH (N. D. Cal.) (dismissed for failure to state a claim on March 16, 2012); *Youngblood v. Lamarque*, 4:12-cv-4423-PJH (N. D. Cal.) (dismissed for failure to state a claim and for frivolousness on February 4, 2013); *Youngblood v. Feather Falls Casino*, 4:13-cv-128-PJH (N. D. Cal.) (dismissed for failure to state a claim and for frivolousness on February 28, 2013).

2

consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." *Stine v. Fed. Bureau of Prisons*, No. 1:13-CV-1883 AWI MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298–99 (2d Cir. 2009)).

## III. DISCUSSION

Based on the facts alleged in the Complaint, it does not appear that Plaintiff was in imminent danger. (ECF No. 1). Plaintiff alleges that he was caused to sustain bodily injury when, on August 5, 2015, at 7:15 a.m., Correctional Officer D. Uribe directed him to sit at a dining hall table that was missing two of four bolts/nuts. Upon sitting at the table, Plaintiff fell backwards and the table flipped over, causing him to sustain injury to his back, shoulder, and right thumb. At some time after the incident, Plaintiff told Correctional Officer Ford to fix the dining hall table, and Ford responded that the table had been fixed.

Plaintiff further alleges that he submitted several forms requesting medical treatment after the incident, but they were never answered. Plaintiff was eventually taken to a hospital outside of his institution of confinement. The injury to Plaintiff's right thumb required surgery. At the hospital, a Dr. Freeman told Plaintiff that if he had received treatment sooner he would not need surgery. Upon Plaintiff's return to his institution of confinement, the medical staff were supposed to keep his wounds cleaned and dressed. Jane Doe, a medical staff member, refused to clean or dress Plaintiff's wounds, and the wounds became infected. Plaintiff was again taken to the hospital outside of his institution of confinement, where he was admitted for three days and doctors contemplated amputation of his right thumb. Plaintiff's infection was successfully treated with antibiotics. Doctors then fused a plate in Plaintiff's right thumb, leaving Plaintiff with permanent damage and loss of 80% of use of the thumb.

These allegations do not establish a present threat of serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. Even if true, the events in the Complaint occurred in 2015, two years before Plaintiff commenced this action. In

his response to the Court's Order to Show Cause, Plaintiff states, "I (have from past/am or at present time/future) that my (legal interest(s)/legal rights/liberty interests/property interest(s)/et. al.) have been violated or denied or deprived of and are threatened, among being in imminent danger and under imminent danger of serious and/or acute physical harm and/or injury or threatened pertaining to (past/present/future)." Plaintiff's statements are vague, conclusory, and speculative. Moreover, they are unrelated to the conduct asserted in the Complaint. Accordingly, as Plaintiff has "three strikes" and was not in imminent danger when he filed the Complaint, the Court recommends that Plaintiff's application to proceed *in forma pauperis* be denied.

## IV. RECOMMENDATION

Based on the foregoing, it is RECOMMENDED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be DENIED pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the full $400.00 filing fee.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **thirty (30) days** after being served with a copy, Plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 26, 2018**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

4