UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD,<br><br>    Plaintiff,<br><br>v.<br><br>D. URIBE, *et al.*,<br><br>    Defendants. | Case No. 1:17-cv-01132-AWI-EPG (PC)<br><br>ORDER DENYING MOTION FOR RELIEF FROM DISMISSAL AND JUDGMENT<br><br>(ECF No. 16) |

Jesse L. Youngblood ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed an application to proceed *in forma pauperis* on August 23, 2017. (ECF No. 2). The matter was referred to United States Magistrate Judge Erica P. Grosjean pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 26, 2018, the Magistrate Judge issued findings and recommendations, finding that Plaintiff had incurred more than three strikes under 28 U.S.C. § 1915(g) and did not qualify for the imminent danger of serious physical injury exception, and recommending that the application to proceed *in forma pauperis* be denied. On April 13, 2018, the Court adopted the findings and recommendations, denied the application to proceed *in forma pauperis*, and directed Plaintiff to pay the $400.00 filing fee within thirty days from the date of service of the order. (ECF No. 12). The order advised Plaintiff that the failure to pay the required filing fee within the time provided would result in dismissal of this action. *Id.* The thirty-day period has expired, and Plaintiff has failed to pay the filing fee.

1

On April 27, 2018, Plaintiff filed a motion seeking waiver of payment of the filing until he has sufficient funds in his prisoner trust account to be billed 20% of any amount exceeding ten dollars. (ECF No. 13). Plaintiff, in effect, was again requesting to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1)("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."). The Court, finding that Plaintiff had again failed to establish that he faces any imminent danger of serious physical injury, denied the renewed request for *in forma pauperis* status and dismissed this action, without prejudice, for Plaintiff's failure to comply with the Court's order of April 13, 2018, (ECF No. 12), and his failure to pay the filing fee. (ECF No. 14). The Clerk of Court entered judgment in accordance with the Court's order on June 11, 2018. (ECF No. 15).

On June 20, 2018, Plaintiff filed a motion for reconsideration, seeking relief from the dismissal and judgment. (ECF No. 16). Plaintiff states that this action is "[n]ot frivolous, malicious, or fails to state a claim," and that he is "eligible for fee waiver as to proceed by 28 U.S.C. § 1915 and 28 U.S.C. § 1915(g) for all court costs and court fees." *Id.* at 2. Plaintiff further explains that he has a claim to which the State of California's two-year statute of limitations for personal injury actions would apply, and he had to file the instant action before expiration of two years.

Federal Rule of Civil Procedure 60 governs grounds for relief from an order and judgment:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the

2

> judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the Court in rendering its decision, *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

Plaintiff fails to establish any reason justifying relief from the Court's order and judgment. He merely states that this action is not frivolous and that he is required to comply with the applicable statute of limitations. However, Plaintiff's action may not proceed absent the submission of the filing fee. *See* 28 U.S.C. § 1914. Plaintiff has not paid the filing fee, and is ineligible to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g)("In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.); *see also Youngblood v. Clark*, No.:1:15-cv-01746 (E. D. Cal. Aug. 15, 2017) (dismissing action for failure to state a claim); *Youngblood v. Warden*, Case No. 4:13-cv-04366 (N. D. Cal. Nov. 12, 2013) (dismissing action for failure to state a claim); *Youngblood v. Evans*, Case No. 4:13-cv-02097 (N. D. Cal. May 14, 2013) (dismissing action as

frivolous and for failure to state a claim); *Youngblood v. Warden*, Case No. 4:12-cv-04423 (N. D. Cal. Feb. 4, 2013) (dismissing action as frivolous and for failure to state a claim); *Youngblood v. State of California*, 2:05-cv-0727-LKK-DAD (E. D. Cal. Sept. 11, 2006) (dismissing action for failure to state a claim); *Youngblood v. State of California*, 4:11-cv-4064-PJH (N. D. Cal. Mar. 16, 2012) (dismissing action for failure to state a claim); *Youngblood v. Lamarque*, 4:12-cv-4423-PJH (N. D. Cal. Feb. 4, 2013) (dismissing action for failure to state a claim and for frivolousness); *Youngblood v. Feather Falls Casino*, 4:13-cv-128-PJH (N. D. Cal. Feb. 28, 2013.) (dismissing action for failure to state a claim and for frivolousness). Accordingly, Plaintiff's motion for reconsideration, filed on June 20, 2018, (ECF No. 16), is HEREBY DENIED.

IT IS SO ORDERED.

Dated: September 6, 2018

SENIOR DISTRICT JUDGE